UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In Re:                                                        Case No. 17-11752-LMI
                                                              Chapter 7
BRAS TRADING, INC.,

      Debtor.
_____/

## JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT

### NOTICE

**Any interested party who fails to file and serve a written response to this motion within twenty (21) days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Soneet Kapila ("**Trustee**"), Chapter 7 Trustee for the bankruptcy estate of Bras Trading, Inc. (the "**Debtor**"), the Debtor's principal, Wagner Moura (Debtor's "**Principal**") and his wife, Simone Moure, file *this Joint Motion to Approve Compromise and Settlement* (the "**Motion**") and in support state as follows:

### JURISDICTION OF VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. The Debtor filed a Voluntary Chapter 7 Petition on February 14, 2017 [ECF 1] (the "Petition").

3. Soneet Kapila is the duly appointed, qualified and acting Trustee for Bras Trading, Inc., bankruptcy estate.

1

4. Since his appointment, the Trustee has investigated the financial affairs of the Debtor. During the course of his investigation, the Trustee learned, among other things, that the Debtor had made the first $500,000 payment due to the Debtor from Emerging Markets Communications, LLC was paid directly to a corporation owned by Simone Moura and that the Debtor had operated, and apparently paid for, a facility owned by the Moura family and ultimately sold for $800,000. As a result of the foregoing, the Trustee determined that he had potential causes of action against Wagner Moura for breaches of fiduciary duty and against various Moura family entities for fraudulent transfers. Mr. Moura provided the Trustee to establish the payments made to his family's entities were in repayment of funds advanced by his family for the benefit of the Debtor. The Trustee determined that the documentation provided was inconclusive and engaged in settlement discussions with the Moura family, resulting in the settlement which forms the basis of this motion.

5. Pursuant to the terms of the settlement, the Debtor's principal and the Moura family, shall pay to the Trustee the aggregate sum of $150,000.00 ("**Settlement Amount**") as follows: (i) an initial payment of ~~$15,000.00~~ $8,500.00 w/ SMR is due and payable immediately; (ii) followed by monthly installments, commencing in ~~November, 2018~~ JANUARY, 2019 w/ SMR, in the amount of $10,000.00 due on or before the 15th of each month thereafter (the first installment beginning due on or before ~~November~~ December w/ SMR 15, 2018) until the settlement amount is paid in full. All payments shall be made payable to: *"Soneet Kapila, Trustee"* and delivered to 1000 South Federal Highway, Suite 200 Fort Lauderdale, FL 33316.

6. Upon receipt of the Settlement Amount in full, the Trustee releases any claims he has or may have against Wagner Moura, Simone Moura, their family members or any entities owned or controlled by them.

## STANDARDS FOR COURT APPROVAL

7. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness." *Id.* at 891 (citing, *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2nd Cir. 1985); *In Re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

8. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

   A) the probability of success in the litigation;

   B) the difficulties, if any, to be encountered in the matter of collection;

   C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   D) the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd*, 898 F.2d 1544 (11th Cir. 1990).

9. The proposed settlement satisfies the four-part test set forth in *Justice Oaks II*, as required under Bankruptcy Rule 9019:

   A) **Probability of Success in the Litigation**: The Trustee believes the probability of success is high, but not certain. As with any litigation there is an inherent risk. The payments which would form the basis of an fraudulent transfer actions, or preference actions, were all made more than one year prior to the bankruptcy filing. In addition, Mr. Moura and his family and their entities had made payments to or for the benefit of the Debtor, which would offset such payments.

3

    B) **Difficulties, if any, to be Encountered in the Matter of Collection**: There would be significant collection issues for the Trustee with respect to any judgments obtained. As part of his due diligence process in negotiating this settlement, the Trustee obtained sworn financial affidavits from Mr. and Mrs. Moura and an affidavit of transfers in excess of $10,000 made in the past five years. Based on this due diligence, it appears that Mr. and Mrs. Moura little or no assets with which to satisfy even a small portion of any judgment the Trustee might obtain. In addition, the Trustee has been contacted by other creditors of the Mouras seeking information about any assets available to satisfy claims. As a result, the Trustee has concluded that it will only become more difficult to collect a judgment against the Mouras as time progresses.

    C) **Complexity Expense and Delay Associated with the Litigation Involved**: If this matter were litigated, there would certainly be additional expenses incurred and additional delay, both of which are of concern to the Trustee since, as discusses above, other creditors of the Mouras are active in their collection efforts. Additional issues in connection with any litigation include the poor and inadequate records maintained by the Debtor.

    D) **Paramount Interest of Creditors and Proper Deference to Their Reasonable Views in the Premises**: The paramount interest of the creditors were considered in this settlement. This is the last issue to be resolved before this case can closed and distributions made to creditors. Prompt resolution of this matter will enable the Trustee to close this case and distribute funds to creditors as expeditiously as possible.

10. The Trustee has evaluated the settlement while considering all the factors required by the Eleventh Circuit and supports its approval by the Court as following the factors, and being within the best interest of creditors and the estate.

11. The Trustee believes that this settlement is in the best interest of creditors and the estate.

12. This stipulation and motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

WHEREFORE, the Trustee, Soneet Kapila, and Wagner and Simone Moura respectfully requests that this Honorable Court enter an order in the form attached hereto: (i) granting this

4

Motion; (ii) approving the settlement described herein; and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this __7__ day of ~~October~~ December 2018.

>Furr Cohen, P.A.
>*Attorneys for Chapter 7 Trustee*
>2255 Glades Road, Suite 301 E
>Boca Raton, FL 33431
>(561) 395-0500 /(561)338-7532-fax
>
>By _s/Alvin S. Goldstein_
>   Alvin S. Goldstein, Esq.
>   Florida Bar No. 993621
>   E-mail: agoldstein@furrcohen.com
>
>
>Gonzalo Perez, Jr., P.A..
>*Attorneys for Wagner and Simone Moura*
>7915 Coral Way
>Miami, FL 33155
>(305) 265-8228 /(305)265-8229-fax
>
>By _s/Gonzalo Perez, Jr._
>   Alvin S. Goldstein, Esq.
>   Florida Bar No. 993621
>   E-mail: gp@gperezlaw.com

_____
SIMONE MOURA

_____
WAGNER MOURA